UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MILLICENT PINCKERT, individually and as
Executrix of the Estate of ROBERT C.
PINCKERT, deceased,

                              Plaintiff,                        05 Civ. 5222 (RPP)

                       - against -                    **OPINION AND ORDER**

TRUCKLEASE CORPORATION, TIMOTHY P.
DUNN and TIGHE TRUCKING, INC.,

                             Defendants.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      Defendant's motion for summary judgment is denied.

      The evidence on this motion shows that the decedent was riding a bicycle on Route 303, a four-lane highway, in Blauvelt, Rockland County, New York, when a tractor trailer overtook him. During the passing, the decedent's left shoulder came into contact with the right side of the tractor trailer, and decedent was "sucked" under the trailer. (Wescott Dep. at 181:5-9). Several seconds ("a good three, four seconds" according to eyewitness Wescott's deposition) then passed while the decedent and his bicycle moved under the truck. (Id. at 181:17-24). Thereafter the rear wheels of the tractor trailer passed over his body, killing him and causing his bicycle to be thrown onto the right shoulder of Route 303. (Id. at 183:11-14; 184:10-17).[1] There is no suggestion that decedent's initial impact caused the decedent to lose consciousness. Thus, there were two impacts: the shoulder impact and the cause of death impact. Since the decedent was conscious while riding the bicycle and would not have lost consciousness by the impact with his

---

[1] According to Wescott, decedent "was just like bouncing underneath the trailer, bike and everything. As soon as his bike and body hit the wheels, that's when his bike flew up, and he come spitting out from underneath the tires." (Id. at 183:10-14).

shoulder, this fact and his managing to remain with the bike[2] during the ensuing period are circumstantial evidence that the decedent would suffer pain on the first impact and pre-impact pain and suffering for a short period of time thereafter until the wheels of the tractor trailer crushed his body.

**STANDARD OF REVIEW**

A court deciding a motion for summary judgment must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in his or her favor. See Young v. County of Fulton, 160 F.3d 899, 901 (2d Cir. 1998).

In order to justify an award of damages for pain and suffering, "Plaintiffs have the threshold burden of proving consciousness for at least some period of time following an accident. . . . The burden can be satisfied by direct or circumstantial evidence. However, mere conjecture, surmise or speculation is not enough to sustain a claim for pain and suffering damages." See Cummins v. County of Onondaga, 84 N.Y.2d 322, 325 (N.Y. 1994) (internal citations and quotation marks omitted). New York courts have upheld awards for conscious pain and suffering based solely on circumstantial evidence. See, e.g., Stein v. Lebowitz-Pine View Hotel, Inc., 111 A.D.2d 572 (N.Y. App Div. 1985) (expert testimony sufficient in drowning case to establish pain and suffering prior to death, despite defendant's contention that plaintiff failed to establish decedent was conscious after allegedly hitting his head and falling into the pool); Jamaica v. Narvaez, 198 A.D.2d 476 (N.Y. App. Div. 1993) (uncontroverted testimony of plaintiff's expert that plaintiff would have been conscious for 20 minutes after car crash sufficient to establish that decedent experienced conscious pain and suffering); Coffey v.

---

[2] During Wescott's deposition, Ms. DeBlasio asked him, "when you first saw the impact, was the bike still with him?" to which Wescott replied, "Yes." (Wescott Dep. 181:14-16). DeBlasio asked, "About how long did you see him pinned under the truck or tumbling under the truck with the bicycle still part of him" to which Wescott replied "a few seconds." (Id., at 181:17-21).

Calicchio, 136 A.D. 2d 673 (N.Y. App. Div. 1988) ("jury could have reasonably inferred from the evidence that plaintiff's decedent was conscious and suffered extensively" after being ejected through rear window in car crash, and before lapsing into a coma and later dying.)

**CONCLUSION**

In view of the importance of this issue to any damage award in the case, and so the Court can be sure that the evidence on liability can support a finding that the decedent suffered pain and suffering during the accident, the Plaintiff will present her eyewitness evidence as to how the accident occurred before calling any witness on damages.

IT IS SO ORDERED.
Dated: New York, New York
April 6, 2006

_____
Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Opinion and Order sent to:

*Counsel for the Plaintiffs*
Alessandra DeBlasio
DeBlasio & Larocca
20 West 64th St. Apt 15R
New York, NY 10023
Tel: (212) 847-8315
Fax: (212) 473-8096

*Counsel for Defendants*
Peter M. Khrinenko
Brand Glick & Brand, PC
100 Ring Road West
Garden City, New York 11530
Tel: (516) 746-3500
Fax: (516) 294-9744